303 S.E.2d 739
**Paul David LUCAS, Jr.**

v.

**Barry MOORE**

v.

**NEW IDRIA, INC., D/B/A Fort Steuben Metal Products Company, Division of New Idria, Inc.**

**Scott E. GRACE**

v.

**NATIONAL STEEL CORP.**

**Nos. 15656, 15657.**

Supreme Court of Appeals of West Virginia.

May 26, 1983.

De La Mater, Hagg & Bohach and W. Dean De La Mater, Weirton, for appellant.

Barnes, Watson, Cuomo, Hinerman & Fahey and Raymond A. Hinerman, Weirton, for appellee in Lucas, No. 15656.

Frankovitch & Anetakis and Carl N. Frankovitch, Weirton, for appellee in Grace, No. 15657.

NEELY, Justice:

Appellant Scott E. Grace appeals a dismissal of his complaint and the award of summary judgment to appellee National Steel Corporation by the Circuit Court of Hancock County. Appellant Barry Moore appeals a similar dismissal of his complaint and award of summary judgment to New Idria, Inc., d/b/a Fort Steuben Metal Products Company, by the Circuit Court of Brooke County. Appellants had sued their former employers under *W. Va. Code*, 21–5–4 [1975] for failure to pay them all their accrued wages and benefits within seventy-two hours after their dismissal.

We are called on to decide whether the "liquidated damages" provided for by *Code*, 21–5–4(e) [1975] are in the nature of a civil penalty to which a one year statute of limitations applies, *W. Va. Code*, 55–2–12(c) [1959], or whether the five year statute of limitations for actions upon a contract, *W. Va. Code*, 55–2–6 [1923], should apply. The Circuit Courts held the "liquidated damages" to be in the nature of a civil penalty, and dismissed appellants' claims because the one year statute of limitations had run. We disagree.

*W. Va. Code*, 21–5–4(b) [1975] provides that "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours." If this condition is not met, then under *Code* 21–5–4(e) [1975] "such person, firm or corporation shall, in addition to the amount due, be liable to the employee for liquidated damages in the amount of wages at his regular rate for each day the employer is in default. . .: Provided, however, that he shall cease to draw such wages thirty days after such default."

Although the statute is not drafted with great precision, we feel the legislature intended discharged employees to have access to this statutory remedy as if under contract. In *Farley v. Zapata Coal Corp.*, 167 W.Va. 630, 281 S.E.2d 238 (1981), which we consider controlling in this case, we observed that:

> The effect of *W. Va. Code*, 21–5–4(e) is to create by operation of law a fictitious additional thirty days employment, and to grant the employee *the same remedies and procedures* for enforcing his lien for compensation for that fictitious thirty days *that he would have had for the value of work actually performed.*

167 W.Va. at 636, 281 S.E.2d, at 242–3 (emphasis added).

The statute states that the employer shall be "liable to the employee" for "liquidated damages," which are characterized as "wages," all of which language confirms that the legislature intended standard contractual remedies to operate. As the statute itself says: "Every employee shall have such . . . remedies for the protection and enforcement of such salary or wages, as he would have been entitled to had he rendered service therefor in the manner as last employed. . . ." Clearly these appellants would have been subject to the five-year statute of limitations had they "rendered service for these wages in the manner as last employed," and they are therefore entitled to the same protection under *W. Va. Code*, 21–5–4(e) [1975].

Therefore, the judgment of the Circuit Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.