425 S.E.2d 602

**Betty L. McCOURT and Bernard L. McCourt, Plaintiffs Below, Appellants,**

v.

**ONEIDA COAL COMPANY, INC., a West Virginia corporation, Defendant Below, Appellee.**

No. 20992.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Dec. 16, 1992.

---

Robert Reed Sowa, Sutton, for appellants.

W.T. Weber, Jr., Weston, for appellee.

BROTHERTON, Justice:

This is an appeal by Betty L. McCourt and Bernard L. McCourt, her husband, from an order of the Circuit Court of Braxton County in an action brought by them against the Oneida Coal Company, Inc. The circuit court's order granted Oneida summary judgment on the ground that the appellants' action was barred by the statute of limitations. In the present proceeding, the appellants claim that the action was properly filed within the applicable limitations period and that the circuit court erred in granting summary judgment. After reviewing the record and the questions presented, this Court believes that the appellants' claims for relief were barred by the statute of limitations, and the judgment of the circuit court is consequently affirmed.

Prior to 1987, the appellant, Betty L. McCourt, was an employee of Oneida Coal Company, Inc. In December, 1986, Oneida conducted a large lay-off of employees which the coal company called a "permanent reduction in force." The appellant, Betty L. McCourt, who was apparently contemplating quitting at this time to work in her own business, was not scheduled to be laid off.

According to documents filed in the present proceeding, on the night of lay-off the

mine superintendent approached the appellant, Betty L. McCourt, and requested that she take a voluntary lay-off. Betty L. McCourt, who, according to her documents, believed that she would be recalled if she accepted, accepted the voluntary lay-off.

Later Oneida Coal Company's business improved, and it hired a number of new employees. The appellant, Betty L. McCourt, however, was not recalled.

After Betty L. McCourt learned that new employees were being hired by Oneida, she, in July, 1987, contacted the company and indicated that she was serious about returning to work. Oneida's administrative manager, H. Edsel Hogan, responded to her communication by letter dated July 16, 1987. In that letter he stated, in part:

> [I]t was Oneida's position at the time of the layoffs in December 1986 and still is, that the layoffs were permanent layoffs. This position was stated in the letter given to you at the time. This was the reason for giving the severance pay and the six months of health insurance coverage. It was stated at the time of the layoff and is still Oneida's position that the company has no obligation to rehire any permanently laid off employee. Any employees rehired are done so only after reviewing their employment record and evaluating their potential contribution to the organization.

> \*   \*   \*   \*   \*   \*

> Because it was our understanding that you left your employment with Oneida to manage your own business in Sutton, you were not considered for rehiring. Since you have now indicated a change of

mind, we will consider your request, but will make no promises beyond that.

Oneida Coal Company over the next year continued to hire other individuals, and no earlier than September 6, 1988, more than one year after the July 16, 1987, letter, the appellant, Betty L. McCourt, filed a written complaint with the West Virginia Human Rights Commission, charging that Oneida Coal Company had engaged in sex discrimination in its employment practices.[1]

After a number of documents had been filed in the Human Rights action, Betty L. McCourt decided to discontinue that action and to bring an action against Oneida Coal Company in the Circuit Court of Braxton County. To prosecute that circuit court action, Ms. McCourt on May 18, 1989, procured a "notice of right to sue" pursuant to the provisions of *W.Va.Code,* 5–11–13, which provides, in relevant part:

> (b) Notwithstanding the provisions of subsection (a) of this section, a complainant may institute an action against a respondent in the county wherein the respondent resides or transacts business at any time within ninety days after the complainant is given notice of a right to sue pursuant to this subsection (b) or, if the statute of limitations on the claim has not expired at the end of such ninety-day period, then at any time during which such statute of limitations has not expired. If a suit is filed under this section the proceedings pending before the commission shall be deemed to be concluded.

To institute the circuit court action, Betty L. McCourt and Bernard L. McCourt,

---

**1.** At the time of the filing of the complaint, *W.Va.Code,* 5–11–10, required that a human rights action be filed with the West Virginia Human Rights Commission within one hundred and eighty days after the date the alleged discrimination had occurred. However, at the time of the filing of Betty L. McCourt's complaint with the Human Rights Commission, the law was unclear as to when the one hundred and eighty days began to run in a case such as Ms. McCourt's. There was a school of thought which indicated that circumstances such as Ms. McCourt's created a long-running, continuing

violation. The question was resolved in *Independent Fire Company No. 1 v. West Virginia Human Rights Commission,* which is discussed in the body of the opinion and which was decided sometime after the filing of Ms. McCourt's complaint with the Human Rights Commission. Apparently, because of the uncertainty surrounding when the cause of action arose, the Human Rights Commission did not focus upon, or discuss the timeliness of, Ms. McCourt's filing with the Commission. As will be discussed later in the body of the opinion, the Court has concluded that the filing was untimely.

Ms. McCourt's husband, who was claiming loss of consortium, filed a complaint in the Circuit Court of Braxton County on August 15, 1989.[2] In the complaint, they alleged that during Ms. McCourt's employment with Oneida, policy manuals and other documents had been distributed to her which represented that she would not be discharged except for "good cause" and through progressive disciplinary measures. She asserted that she was terminated without good cause and without progressive disciplinary measures in spite of the fact that she had performed her job in a satisfactory manner. Even though her discharge took the form of a lay-off, she claimed that it actually constituted a constructive discharge. She further claimed that as a direct and proximate result of her detrimental reliance upon the assurances of the coal company, she had sustained injury and damages in way of loss of advance opportunities, loss of earnings and earning capacity, loss of fringe and pension benefits, and loss of opportunity to pursue a career path of her choice. She also claimed that her husband had suffered "through the loss of the earning abilities, wages, and the benefits from the unemployment of his wife, and further suffered from the loss of her services through her sufferance of mental and emotional distress, anxiety, depression, loss of self esteem, self confidence, and self respect...."

In the second count of her complaint, the appellant, Betty L. McCourt, claimed that the conduct of Oneida Coal Company in persuading her to accept a voluntary lay-off, and then not rehiring her or recalling her, constituted unlawful sex discrimination in violation of *W. Va. Code*, 5–11–9, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

The defendant, Oneida Coal Company, filed an answer to the appellants' complaint in which it alleged, among other things, that the appellants' action was barred by the applicable statute of limitations.

Subsequently, Oneida Coal Company moved for summary judgment and, by order dated August 9, 1991, the circuit court granted the motion for summary judgment. In its order, the court stated:

[T]he complaint of the plaintiff, Betty R. [sic] McCourt, as well as that of Bernard L. McCourt, whose complaint rests upon the complaint of the plaintiff, Betty L. McCourt, was at the time of the institution of the action herein barred by statute of limitations and ... defendant's motion for summary judgment should be, and the same is hereby sustained, with exception saved to the plaintiffs and each of them to the ruling and order of the court.

It appears that the court reasoned that the appellants' claim arose either on July 14, 1987, when Betty L. McCourt orally contacted Oneida about being rehired, or July 16, 1987, when H. Edsel Hogan wrote the letter, which has already been quoted, notifying Ms. McCourt that her lay-off was permanent. The Court apparently reasoned that since the appellants had waited more than two years after that date to file their circuit court action, their action was barred by the statute of limitations.

In the present proceeding, the appellants claim that the circuit court erred in finding that their action was barred by the statute of limitations.

Before addressing the appellants' assertions, this Court believes that it is important to note that the action which was the subject of the dismissal order was the action brought in the Circuit Court of Braxton County and not the action brought before the West Virginia Human Rights Commission. The Human Rights action has bearing on the present proceeding only insofar as the provisions of *W. Va. Code*, 5–11–13, afford an alternative limitation peri-

---

**2.** This was filed within ninety days of the issuance of the "notice of right to sue" by the Human Rights Commission on May 18, 1989, but more than two years after the July 16, 1987, letter of H. Edsel Hogan, in which the appellant had been definitely notified that her employment had been terminated.

od to the normal limitation period for actions brought in a circuit court.

■ *West Virginia Code,* 55-2-12, in this Court's opinion establishes the basic two-year, circuit court limitation period for the action which the appellants brought in the circuit court. That Code section provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

The Court's conclusion that these principles govern is supported by *Shanholtz v. Monongahela Power Co.,* 165 W.Va. 305, 270 S.E.2d 178 (1980), where the Court held that an action brought by an at-will employee on the ground that he was discharged in contravention of some public policy principle sounded in tort and was subject to the two-year limitation period provided in *W.Va.Code,* 55-2-12. The conclusion is also supported by *Turley v. Union Carbide Corp.,* 618 F.Supp. 1438 (S.D.W.Va.1985), where the Court recognized that an action based upon discrimination cognizable under the West Virginia Human Rights Act is subject to the two-year limitation period under *W.Va.Code,* 55-2-12, and *Stanley v. Sewell Coal Co.,* 169 W.Va. 72, 285 S.E.2d 679 (1981), where this Court found that a fraudulent misrepresentation action brought by an employee is sufficiently related to a tort action for fraud and deceit so that the two year statute of limitations applies.

Given this conclusion, the Court believes that the question of whether the Circuit Court of Braxton County properly dismissed the appellants' action on the basis of the basic circuit court statute of limitations hinges upon question of whether Betty L. McCourt's cause of action or causes of action arose more than two years before the filing of the complaint in the circuit court on August 15, 1989.

The Court believes that there is also a question of whether Betty L. McCourt timely instituted her Human Rights action, and, if she did not, whether her untimely filing of the Human Rights complaint would allow her to claim the alternative limitation period set forth in *W.Va.Code,* 5-11-13.

As a general rule, this Court has rather consistently recognized that the statute of limitations begins to run from the date of injury. *State ex rel. Ashworth v. State Road Commission,* 147 W.Va. 430, 128 S.E.2d 471 (1962); *Boyd v. Beebe,* 64 W.Va. 216, 61 S.E. 304 (1908). Consistently with this principle, in *Independent Fire Company No. 1 v. West Virginia Human Rights Commission,* 180 W.Va. 406, 376 S.E.2d 612 (1988), this Court ruled that the limitation period for an employee to bring an action under the West Virginia Human Rights Act, when the employee is told that he is being indefinitely suspended and then is subsequently denied reinstatement, begins to run on the date when the employer unequivocally notifies the employee of the termination decision.

In reaching this decision, the Court cited with approval a number of federal cases interpreting federal law quite similar to West Virginia's. The Court said:

> The federal courts generally hold that the discharge notice must be definite or unequivocal before the time period for filing a charge with the EEOC begins to run. *Calhoun v. Federal Nat'l Mortgage Ass'n,* 823 F.2d 451 (11th Cir.1987), *cert. denied* [484] U.S. [1078], 108 S.Ct. 1058, 98 L.Ed.2d 1019 (1988); *Mull v. Arco Durethene Plastics, Inc., supra* [784 F.2d 284 (7th Cir.1986)]; *Miller v.*

*International Tel. and Tel. Corp.*, 755 F.2d 20 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Monnig v. Kennecott Corp.*, 603 F.Supp. 1035 (D.Conn.1985).

Federal courts are also in agreement that the failure to rehire after an alleged discriminatory discharge, absent an independent discrete act of discrimination, does not constitute a new or continuing violation of the civil rights laws. Otherwise, the limitation period could always be circumvented by simply reapplying for employment. *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir.1985) (Age Discrimination in Employment Act); *Miller v. International Tel. & Tel. Corp.*, *supra* (same); *Lawson v. Burlington Indus., Inc.*, 683 F.2d 862 (4th Cir.), *cert. denied*, 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982) (same); *Collins v. United Air Lines, Inc.*, 514 F.2d 594, 596 (9th Cir.1975) (Title VII).

*Id.* at 411, 376 S.E.2d at 617.

The conclusion reached by the Court was summarized in syllabus point 2 of *Independent Fire Company No. 1 v. West Virginia Human Rights Commission, Id.*, as follows:

> In cases alleging a discriminatory discharge from employment under W.Va. Code, 5–11–10, the time period for filing a complaint with the Human Rights Commission ordinarily begins to run on the date when the employer unequivocally notifies the employee of the termination decision.

■ Although this rule was adopted in the context of an action brought under the West Virginia Human Rights Act, this Court believes that it is essentially consistent with the principle that the statute of limitations in West Virginia generally begins to run from the date of injury. The Court further believes that it would be inconsistent, illogical, and improper to adopt a different rule for actions brought in a circuit court which are based on fact situations identical to those which can serve as the basis of a Human Rights Action. Accordingly the Court holds that in circuit court cases alleging a discriminatory discharge from employment, which a complainant might bring in the West Virginia Human Rights Commission under the West Virginia Human Rights Act, *W.Va.Code*, 5–11–1 *et seq.*, the statute of limitations period for filing a complaint with the circuit court ordinarily begins to run on the date when the employer unequivocally notifies the employee of the termination decision.

■ In examining the record in the present case, the Court finds that in the letter directed to the appellant, Betty L. McCourt, on July 16, 1987, H. Edsel Hogan notified her that it was Oneida's position that her layoff was a permanent layoff and that it was Oneida's position that it had no obligation to rehire her. Oneida further stated that it would consider her request for employment, but that it would make no promises to her.

In this Court's view, by the letter dated July 16, 1987, Oneida Coal Company unequivocally notified Betty L. McCourt that she had been terminated.

Given this fact, and given the conclusion that the limitations period on a circuit court complaint alleging discriminatory discharge from employment should begin to run on the date when the employer unequivocally notifies the employee of the termination decision, this Court believes that the circuit court statute of limitations on the claims in the present case should be deemed to have started to run on July 20, 1987, the date by which Betty L. McCourt reasonably should have received the letter dated July 16, 1987, from Oneida Coal Company's administrative manager, H. Edsel Hogan.

It is rather clear that the appellants did not file their complaint in the present action with the Circuit Court of Braxton County until August 15, 1989, more than two years after the July 16, 1987, letter and more than two years after Betty L.

McCourt reasonably should have received that letter. In view of this, the Court concludes that the circuit court properly concluded that the appellants' action was not timely filed within the two year period provided by the circuit court statute of limitations for such actions.

The Court, however, notes that *W.Va. Code*, 5–11–13, creates an added complication in this case. It creates an alternative ninety-day limitation period when a case is brought under the West Virginia Human Rights Act and is later transferred to the circuit court pursuant to a notice of a right to sue issued by the West Virginia Human Rights Commission. As previously indicated, the statute specifically provides:

> (b) Notwithstanding the provisions of subsection (a) of this section, a complainant may institute an action against a respondent in the county wherein the respondent resides or transacts business at any time within ninety days after the complainant is given notice of a right to sue pursuant to this subsection (b) or, if the statute of limitations on the claim has not expired at the end of such ninety-day period, then at any time during which such statute of limitations has not expired. If a suit is filed under this section the proceedings pending before the commission shall be deemed to be concluded.

■ However, the West Virginia Human Rights Act additionally imposes an initial limitation period on the filing of claims with the Human Rights Commission and provides, in part, that "[a]ny complaint filed pursuant to this article must be filed within one hundred eighty days after the alleged act of discrimination." *W.Va. Code*, 5–11–10. In the present case, it appears that the appellant, Betty L. McCourt, signed a formal human rights complaint on November 17, 1988, after she had filed an informal complaint with the Commission on September 6, 1988. Clearly, Betty L. McCourt did not complain to the Human Rights Commission within the one hundred

eighty days provided by *W.Va.Code*, 5–11–10, after she was notified unequivocally by H. Edsel Hogan that she had been terminated. For this reason, the Human Rights complaint was not timely filed under the principles set forth in *Independent Fire Company No. 1 v. West Virginia Human Rights Commission, supra.* Given this circumstance, the Court is faced with the question of whether an untimely-filed Human Rights Commission action will enure to the benefit of a complainant so as to provide him with the alternative limitation period established by *W.Va.Code*, 5–11–13, in the event he elects to bring an action in the circuit court. This Court concludes that it will not and holds that a complainant who fails to file a complaint with the Human Rights Commission in a timely manner under the West Virginia Human Rights Act, unless the untimeliness is excused by waiver or estoppel, does not have the benefit of the alternative limitations period established by *W.Va.Code*, 5–11–13, for bringing an action in a circuit court of this State.

In reaching this conclusion, the Court notes that in a number of cases the Court has considered timely filing of a Human Rights claim an important requirement. *Sharp v. Southern West Virginia Regional Health Council*, 178 W.Va. 196, 358 S.E.2d 455 (1987); *Allen v. State Human Rights Commission*, 174 W.Va. 139, 324 S.E.2d 99 (1984); *West Virginia Human Rights Commission v. United Transportation Union, Local 655*, 167 W.Va. 282, 280 S.E.2d 653 (1981). Although in *Independent Fire Company No. 1 v. West Virginia Human Rights Commission, supra,* the Court indicated that for reasons amounting to waiver or equitable estoppel a timely filing with the Human Rights Commission could be excused, the Court in the same case indicated that the law does not favor adopting principles that would allow the easy circumvention of time periods. *See* 180 W.Va. at 411, 376 S.E.2d at 617.

In the present case, the Court believes that the evidence rather clearly shows that Betty L. McCourt's Human Rights Commission claim was not timely filed. Further, after examining the circumstances, the Court cannot conclude that the untimeliness should be excused under the doctrines of waiver or estoppel.

To allow an individual simply to file a claim in an untimely manner with the Human Rights Commission and hold that the untimely filing, in the absence of waiver or estoppel, would allow him all the benefit of the Human Rights Act, would render the one hundred and eighty day limitation period established by the Legislature in *W.Va. Code*, 5–11–10, utterly meaningless. The Court does not believe that the Legislature intended this. The Court also does not believe that the Legislature intended to afford a claimant an opportunity wholly to circumvent the circuit court's basic limitation period simply by filing an untimely complaint with the Human Rights Commission.[3]

For these reasons, this Court concludes that the circuit court properly ruled that all claims brought by the appellants based on actions of the employer, Oneida Coal Company, were barred by the West Virginia statute of limitations.

For the reasons stated, the judgment of the Circuit Court of Braxton County is affirmed.

Affirmed.

---

**3.** As stated in the body of the opinion, the basic limitation period for the action which the appellants sought to bring in the circuit court was two years. If the Court adopted a rule holding that an unexcused untimely filing of a Human Rights Commission case automatically affords a complainant a ninety-day period in which to bring a circuit court action, it is conceivable that a claimant could wait twenty or more years to file a Human Rights Commission case and then mechanistically circumvent the two-year limitation period by obtaining a "notice of right to sue." This, the Court does not believe, is the intent of the law.

The Court does foresee that a claimant might timely file a Human Rights Commission claim within one hundred and eighty days after the claim arises, and have the claim delayed for a lengthy time, even possibly years, by proceedings in the Commission. Under such circumstances, since the claim was timely filed in the Human Rights Commission, the Court believes that the complainant should have the benefit of the additional ninety days to file a circuit court action granted by *W.Va.Code*, 5–11–13.