Frederick E. **BELL**, individually and on behalf of all those similarly situated, Plaintiff,

v.

**PHILIPS ELECTRONICS, N.V. OF THE NETHERLANDS**, d/b/a Philips Electronics North America Corporation d/b/a Philips Lighting Company, a corporation, and The International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers (A.F.L.—C.I.O.), a Labor Organization, Defendants.

Civ. A. No. 1:94–CV–101.

United States District Court,
N.D. West Virginia.

Sept. 13, 1995.

---

Patrick S. Cassidy, Cassidy, Myers, Cogan, Voegelin & Tennant, L.C., Wheeling, WV, for Plaintiff.

Roger A. Wolfe, Jackson & Kelly, Charleston, WV, for Defendant Philips Electronics N.V. of the Netherlands.

Grant F. Crandall, Crandall, Pyles & Haviland, Charleston, WV, James G. Mauro, Jr., Kathleen M. Kordeleski, Robert Friedman, International Union of Electronics AFL–CIO, Washington, DC, for Defendant The International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers (A.F.L.–C.I.O.).

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

This civil action is brought pursuant to the Worker Adjustment Retraining and Notification Act ("WARN" Act), 29 U.S.C. § 2101, *et. seq.*, seeking damages on behalf of the class of employees who were laid off when the defendants reduced the work force in the Fairmont, West Virginia plant. The case is before the Court on the defendants' motion to dismiss all claims which arise outside the six-month statute of limitations provided by the National Labor Relations Act 29 U.S.C. § 160(b). After the motion was filed, the United States Supreme Court, in *North Star Steel v. Thomas,* —— U.S. ——, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995), held that, where Congress omitted a statute of limitations in enacted legislation, reference to federal law would be the exception to a long standing rule that courts should look to the most analogous state statute of limitations, and that the six month statute of limitations does not apply. The question now before the Court is whether the five-year limitations period applicable to contracts under W.Va. Code § 55–2–6 (1981)[1] or the two-year limi-

tations period applicable to personal injury under W.Va.Code § 55–2–12(b)[2] should control in this case. This issue is important to the 72 employees laid off on October 22, 1990. All the other lay-offs occurred within two years prior to the date the complaint was filed, and, as to those employees, the complaint was timely under either statute.

The defendant employers argue, of course, that the two-year statute of limitations for personal injury applies, relying on the numerous West Virginia cases which held that claims for wrongful discharge from employment arise in tort, subject to the two-year limitations. *See McCourt v. Oneida Coal Co. Inc.,* 188 W.Va. 647, 425 S.E.2d 602 (1992) (two year limitations period applies to employment discrimination under the West Virginia Human Rights Act); *Stanley v. Sewell Coal Co.,* 169 W.Va. 72, 285 S.E.2d 679 (1981) (action for retaliatory discharge governed by two year limitations period); *Shanholtz v. Monongahela Power Co.,* 165 W.Va. 305, 270 S.E.2d 178 (1980) (discharge of at will employee in retaliation for filing workers' compensation claim arises in tort, not contract). *Accord McCausland v. Mason County Bd. of Ed.,* 649 F.2d 278 (4th Cir.1981) (action for wrongful discharge pursuant to 42 U.S.C. § 1981, 1982, 1983, 1985 and 1986 subject to two year statute of limitations in West Virginia).

The plaintiffs, on the other hand, argue that *Lucas v. Moore,* 172 W.Va. 101, 303 S.E.2d 739 (1983), is applicable here. In *Lucas,* the West Virginia Supreme Court of Appeals held that the five-year contractual period of limitations would apply to employee actions to enforce the Wage Payment and Collection Act, W.Va.Code § 21–5–1 *et seq.,* rather than the one-year limitations period for civil penalty actions. In so holding, the

---

1. W.Va.Code § 55–2–6. in pertinent part, provides that:

   Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: ... if it be upon any other contract, express or implied, within five years, ...

2. W.Va.Code § 55–2–12, in pertinent part provides that:

   Every personal action for which no limitation is otherwise prescribed shall be brought: ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries....

West Virginia Court noted the legislative purpose of allowing discharged employees remedies for the enforcement of salary and wages "as he would have been entitled to had he rendered service therefor in the manner as last employed." *Id.* 303 S.E.2d at 741 quoting W.Va.Code § 21–5–4(e).

This Court is persuaded that the reasoning of the *Lucas* court is also applicable to WARN Act cases. Both the WARN Act and the Wage Payment and Collection Act create a fictitious additional period of employment with the same remedies and wages available as if the employee had actually worked during those days. *See Farley v. Zapata Coal Corp.*, 167 W.Va. 630, 281 S.E.2d 238 (1981). Both statutes create rights "that would not exist but for the statute and but for an employer's refusal to comply with a legislatively determined standard to ease the financial burden on terminated employees." *Oil, Chemical & Atomic Workers v. Hanlin Group* (In re Hanlin Group), Case Nos. 91–33872—91, 33875, Adv.Proc. No. 92–3446/TS (D.N.J.1993) (applying West Virginia statute of limitations to WARN Act issues). The remedies available under both acts are quite similar in that they mandate payment based on the employees' regular rate of pay for a certain period and are triggered by an employers' failure to comply with a statutory duty. Wrongful discharge actions, on the other hand, provide the possibility of a broad range of legal and equitable remedies, triggered by the termination of employment.

■ The defendants argue that the Wage Payment and Collection Act provides only liquidated damages for the employer's failure to pay *contracted for* wages, thus permitting the *Lucas* court to apply the contract period of limitations. However, the Wage Payment and Collection Act imposes a statutory duty on employers to pay accrued benefits and wages within 72 hours of dismissal and the remedy is for violation of that duty, not the failure to pay wages alone.

In *United Paperworkers Local 340 v. Specialty Paperboard*, 999 F.2d 51 (2d Cir.1993), the Second Circuit Court of Appeals held that Vermont's six-year statute of limitations for breach of contract provided the appropriate limitations for a WARN Act case, reasoning that the Vermont courts had described workers compensation cases as contract actions, where such cases shared with the WARN Act the "interest in protecting workers from unexpected joblessness or loss of hours" and no proof of negligence was required. *Id.* at 57. The Vermont statutes, however, also provided a six-year limitation period for torts, and in any event, the case had been brought within one year of the plant closing and would have been timely under any of the Vermont statutes except the minimum wage law.

Similarly, in *Frymire v. Ampex Corp.*, 821 F.Supp. 651 (Colo.1993), *affirmed*, 61 F.3d 757 (10th Cir.1995), the Court found that Colorado's breach of contract statute of limitations was applicable, relying on the analysis of *Wallace v. Detroit Coke Corp.*, 818 F.Supp. 192 (E.D.Mich.1993) (Michigan 6 year statute of limitations for breach of contract most appropriate for WARN Act cases.) *See also Wholesale and Retail Food Distribution Local 63 v. Santa Fe Terminal Services*, 826 F.Supp. 326 (C.D.Calif.1993) (applying California three-year statute of limitations for actions for liability created by statute.)

■ This Court believes that application of West Virginia's five-year statute of limitations for breach of contract to WARN cases would serve the policies embodied in the WARN Act, and allow sufficient time for employees to discover their rights. Such an application would also be consistent with cases in other jurisdictions that have applied a contract limitations period.

It is, therefore, ORDERED that the defendants' motion to dismiss is DENIED. The parties have stayed some of the discovery, as it relates to the cases brought outside the two-year statute of limitations and have asked to continue the pre-trial conference and trial to permit further discovery and settlement negotiations. It is, therefore, ORDERED that the pre-trial conference and trial are hereby continued and the parties are directed to set a telephone conference with the Court's law clerk to obtain a new trial date.

The Clerk is directed to transmit copies of this Order to counsel of record herein.