**John ROE, individually and on the behalf of all other persons similarly situated, Plaintiff,**

v.

**COUNTY COMMISSION OF MONONGALIA COUNTY, Sheriff Joseph Bartolo, individually and in his capacity of Sheriff of Monongalia County, Deputy John Doe, individually and in his capacity as Deputy; Monongalia County Sheriff's Department; and Valley Comprehensive Community Mental Health Center, Inc., a West Virginia corporation, Defendants.**

Civil A. No. 1:95–CV–173.

United States District Court,
N.D. West Virginia.

May 7, 1996.

---

Michael Sharley, Morgantown, WV, for plaintiff John Roe.

Michael Kozakewich, Jr., Steptoe & Johnson, Clarksburg, WV, for defendants County Commission of Monongalia County, Joseph Bartolo, John Doe, Deputy and Monongalia County Sheriff's Dept.

Bruce A. Kayuha, Rose, Padden & Petty, LC., Morgantown, WV, for defendant John Doe, Deputy.

Susan G. Yurko, Furbee, Amos, Webb & Critchfield, Fairmont, WV, for Valley Comprehensive Community Mental Health Center, Inc.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

 This is a civil action for injunctive and monetary relief brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and 42 U.S.C. § 1983. The plaintiff asserts that his statutory and constitutional rights were violated when he was picked up on a mental health warrant and held for a time in a padded cell, handcuffed and shackled, without receiving proper treatment or a hearing, was not permitted to use the bathroom, change clothes or eat without the handcuffs, all of which denied his right to reasonable accommodation of his disability, and violated his right to be free from restraints.

### I.

 The case is before the Court on the county defendants'[1] motion to dismiss as untimely the count in the complaint related to the Americans with Disability Act ("ADA"). In considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the Court must take all well-pleaded material allegations as admitted, but conclusions of law and unwarranted deductions of fact are not admitted. A complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented." *Mylan Laboratories, Inc. v. Akzo, N.V.,* 770 F.Supp. 1053, 1059 (D.Md. 1991). A complaint should not be dismissed unless it appears to a certainty that there is no set of facts which could be proved to support a claim or which would entitle the plaintiff to relief. 2A Moore's Federal Practice § 12.08 at 2271–74 (2d Ed.1983).

The Court concludes that the plaintiff's claim under Title II of the ADA is timely.

Accordingly, the defendants motion to dismiss will be denied.

The plaintiff brings his claim under Title II of the Act entitled "Public Services." The relevant substantive provision of that Title reads:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services [,] programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. "Public entity" includes any state or local government and any department, agency or other instrumentality of a state or local government. 42 U.S.C. § 12131(a)(A) and (B). As the Court noted in *Petersen v. University of Wisconsin Bd. of Regents,* 818 F.Supp. 1276 (W.D.Wis.1993), "Title II adopts the remedies, rights and procedures of Section 505 of the Rehabilitation Act of 1973, whereas Title I of the ADA uses the procedures set forth in Title VII of the Civil Rights Act." *See also Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir.1990), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991).

The Fourth Circuit Court of Appeals, in *McCullough v. Branch Banking Trust Co.,* 35 F.3d 127, 129 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1101, 130 L.Ed.2d 1069 (1995), noted that the Rehabilitation Act does not contain a specific limitations period, and that, in such instances, Congress has directed the district courts to select the most appropriate state statute of limitations. 42 U.S.C. § 1988(a). *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Court further noted that the process is a two part analysis in that the court must "first select the state statute 'most analogous' to the federal claim, ... [and] then consider whether application of that limitations period is consistent with the federal statute and its underlying policies." *McCullough,* at 129, citing *Wilson,* 471 U.S. at 266–68, 105 S.Ct. at 1941–42.

---

1. The county defendants include all of the defendants except Valley Comprehensive Community Health Center, Inc.

The county defendants urge the Court to side-step this analysis and adopt the 180 day limitation found in the regulations governing Title II of the ADA, at 28 C.F.R. § 35.170(b). Such an adoption would, at first blush, appear appropriate and would be consistent with the 180 day limitations period for filing complaints with the Equal Employment Opportunity Commission under Title I of the ADA and Title VII of the Civil Rights Act.

Reading the entirety of 28 C.F.R. § 35.170 and subsequent regulations under Subpart F, however, compels a different conclusion. The "complaints" referred to in the sections of the regulation are complaints filed before a designated agency under § 35.171–190, or any agency that provided funding to the public agency that is the subject of the complaint. Therefore, the "complaints" in § 35.170 are equivalent to the administrative claims under Title I and Title VII, and are not equivalent to a complaint instituting a lawsuit in federal court. Thus, the regulatory 180 day limitations period does not govern here.

The county defendants next argue that the plaintiff did not file a proper "complaint" with the agency, i.e., the county commission, but rather submitted only a "thinly veiled demand for money," and that such demands or threats cannot constitute a grievance for purposes of either a response by the agency or an extension of the time to file this complaint. The Court has reviewed the plaintiff's letters of September 15, 1995 and December 1, 1995, and finds that they are requests for negotiation and settlement, as would be present in any early grievance procedure that did not utilize forms.

Second, and more importantly, Title II of the ADA does not require exhaustion of administrative remedies, so no such letters or any other notification of grievance was necessary. *Noland v. Wheatley*, 835 F.Supp. 476, 482 (N.D.Ind.1993) (citing *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir.1990), *cert. denied*, 501 U.S. 1217, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991), and *Greater Los Angeles Council on Deafness, Inc. v. Community Television of So. Cal.*, 719 F.2d 1017, 1021 (9th Cir.1983), *cert. denied sub nom, Gottfried v. United States*, 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840 (1984) (holding that exhaustion of administrative remedies is not required under the Rehabilitation Act)); *Petersen v. University of Wisconsin Bd. of Regents*, 818 F.Supp. 1276, 1278 (W.D.Wis. 1993). The legislative history of Title II supports such a conclusion: "Consistent with section 504 [of the Rehabilitation Act], it is not the Committee's intent that persons with disabilities need to exhaust federal administrative remedies before exercising their private right of action." House Education and Labor Report, HR No. 101–485 II, 101st Con.2d Sess. 98 U.S.Code Cong. & Admin.News P. 327 (1990). Also, regulations by the Department of Justice interpret Title II as requiring no exhaustion:

> The Committee report makes clear that Congress intended to provide a private right of action with the full panoply of remedies for individual victims of discrimination. Because the Act does not require exhaustion of administrative remedies, the complainant may elect to proceed with a private suit at any time.

Appendix A to 28 C.F.R. § 35.172.

Inasmuch as neither Title II nor the regulations contains a statute of limitations for filing a private law suit, and also do not require exhaustion of administrative remedies, Roe's complaint is not untimely although it was outside the 180 day limit in § 35.170(b). Moreover, any letters he sent requesting negotiations were unnecessary.

The Court must now determine which state statute of limitations is applicable. In *McCullough, supra*, the Fourth Circuit determined that several courts had concluded that claims under the Rehabilitation Act were "best characterized as ones for personal injury." 35 F.3d at 129. *See, e.g., Cheeney v. Highland Community College*, 15 F.3d 79, 82 (7th Cir.1994); *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir.1993); *Hickey v. Irving Indep. School Dist.*, 976 F.2d 980, 983 (5th Cir.1992). However, the *McCullough* court found that, in North Carolina, the 180 day statute of limitations in the state Rehabilitation Act was most analogous. The court looked at the legislative purpose of the act, the conduct it prohibited or encouraged, and the protection it afforded to individuals and

78

found that the act clearly paralleled its federal counterpart.

In West Virginia, the Human Rights Act, W.Va.Code § 5–11–1 *et seq.*, prohibits discrimination in employment, housing and access to public accommodations based on race, religion, color, national origin, ancestry, sex, age, blindness or handicap. W.Va.Code § 5–11–2. The Act defines public accommodation to include the services, goods, facilities or accommodations of the state or any political or civil subdivision thereof. Handicap is defined with the same inclusive terminology of the ADA. The Act contains a 180 day limitations period for filing a claim with the Human Rights Commission. W.Va.Code § 5–11–10. However, the Act also preserves the right to an individual civil suit in the circuit courts. In *McCourt v. Oneida Coal Co., Inc.*, 188 W.Va. 647, 425 S.E.2d 602, 606 (1992), the West Virginia Supreme Court of Appeals applied the two year statute of limitations for personal injury found at W.Va.Code § 55–2–12 to civil actions brought pursuant to the West Virginia Human Rights Act. *See also Turley v. Union Carbide Corp.*, 618 F.Supp. 1438 (S.D.W.Va.1985).

From all of this, the Court concludes that this civil action is subject to the two year statute of limitations found at W.Va.Code § 55–2–12 as the West Virginia Human Rights Act is the most analogous West Virginia law to the Americans with Disabilities Act, and it is fully consistent with the Act and its underlying policies.

This complaint was filed within 220 days after the date of the alleged discrimination, well within the time period for filing a discrimination claim in West Virginia, and it is therefore timely.

## II.

■ The defendants also move to dismiss the complaint on the ground that the plaintiff was not discriminated against within the meaning of the ADA, in that he was not denied employment or access to programs or services. The defendants contend that he was provided the care and safekeeping mandated by W.Va.Code § 27–5–3 in the same way that other persons with similar needs

are treated, and was not denied access to any program or service.

The plaintiff points out that he was handcuffed and shackled at all times during his stay with the county defendants, unable to communicate with his family, to attend to personal hygiene, change clothes or even to eat in a proper way. Thus, even though the plaintiff may have been afforded the due process required by the statute, as in a prompt mental hygiene hearing, he was, in his view, isolated and segregated in a manner that the ADA was designed to prevent. 42 U.S.C. § 1101(a)(2). *Helen L. v. DiDario*, 46 F.3d 325, 332 (3d Cir.1995). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must construe the facts in the light most favorable to the plaintiff, and this Court concludes that Mr. Roe has stated a cause of action under Title II of the ADA.

## III.

■ The plaintiff initially filed this case as a class action, and the defendants have moved to strike the allegations of class on the ground that the plaintiff has not met the required showing under Fed.R.Civ. P. 23. The Court agrees. The complaint states only that the rights of the "Plaintiff and all persons with mental illness or disabilities" have been violated. There is no showing that the class is too numerous, or that their claims would raise common questions of law or fact, or that the claims of the representative parties are typical or fairly representative. Additionally, the class as stated is overbroad as not all persons with mental illness or disabilities have been subject to involuntary commitment procedures, and underinclusive because persons with addictions and mental retardation are also potentially subject to those procedures. There may also be serious problems identifying a class for notice purposes, particularly in light of the confidentiality of mental health information required by W.Va.Code § 27–3–1. The Court will require the plaintiff to file a motion regarding the class determination, addressing the issues listed above, within 20 days of the date of the entry of this order. If such a motion is not filed, the Court will

enter an order determining that the class should not be maintained.

## IV.

 The plaintiff has moved to amend his complaint substituting Deputy Kenneth Britton, individually, and in his capacity as deputy for one John Doe. The plaintiff states that he has recently identified Deputy Britton as one of the deputies on duty the night he was incarcerated. The Court finds that the plaintiff has not delayed in identifying Mr. Britton, that Britton has had adequate, though not formal notice of the claims against him and, indeed, is represented by counsel, and that there is no prejudice to Mr. Britton, as the alleged discrimination occurred less than one year ago and this case is still in early discovery. The defendants do not oppose the motion. Therefore, the motion to amend the complaint will be granted.

## V.

For the reasons stated above, it is therefore ORDERED:

1. That the defendant's motion to dismiss (Docket No. 5) is DENIED;

2. That the plaintiff shall file a motion regarding maintenance of the class within 20 days of the date of this Order;

3. That the plaintiff's motion to amend the complaint (Docket No. 16) is GRANTED; the amendment will relate back to the original date of filing of the complaint; Deputy Kenneth Britton is added as a party, and Deputy John Doe remains a party pending further discovery. The Clerk is directed to file the amended complaint; and

4. That the parties' joint motion to extend the scheduling order (Docket No. 17) is GRANTED, as stated at the telephone conference on April 16, 1996. A separate scheduling order will be entered.

The Clerk is directed to transmit copies of this Order to counsel of record herein.