Boyd Allan WOODRUM, Plaintiff,

v.

THOMAS MEMORIAL HOSPITAL
FOUNDATION INC.,
Defendant.

No. Civ.A. 2:98–0520.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 12, 1999.

Douglas Miller, Charleston, WV, for plaintiff.

Charles M. Surber, Jr., Erin Magee Condaras, Jackson & Kelly, Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion for summary judgment on Plaintiff's claim of disability discrimination.[1]  The matter has

---

**1.** Plaintiff initially alleged age discrimination, breach of contract, and disability discrimination. Defendant moved for summary judgment on all claims.  In his Response, Plaintiff concedes, "[T]he defendant is entitled to summary judgment on the age discrimination and the contract issues."  Pl.'s Resp. at 8. Accordingly, the Court **GRANTS** Defendant's motion

been fully briefed and is ripe for disposition. For reasons discussed more fully below, the Court **DISMISSES** the Plaintiff's federal and state disability claims as untimely filed.

Plaintiff Woodrum had worked for Defendant Thomas Memorial Hospital ("the Hospital") since November 1976 as security supervisor. In October 1992 Woodrum underwent double bypass surgery and recuperated for two months before returning to work. In July 1993 the Hospital eliminated the security supervisor position, but transferred Woodrum to the newly-created position of safety manager, with the same pay, benefits, and status. Woodrum had numerous difficulties in his new job. His job evaluations were only fair; his supervisor received complaints from other employees about his accessibility; he missed managers' meetings and failed to conduct departmental safety programs himself, instead delegating them to others. Def.'s Mot. Summ. J., Ex. B. In September 1995 Woodrum sought psychiatric help for depression. *Id.*, Ex. D. He received a provisional diagnosis of "Major Depression, mild, single episode" and a recommendation to explore possible sleep apnea. *Id.* After further problems with and complaints about his job performance, Woodrum's supervisor, Ms. Barnette, met with him on February 26, 1996. She avers she found him "unresponsive" and he "made no indication that he was willing to work on the issues discussed." *Id.* at Ex. B, ¶ 16. At the end of their meeting, Barnette discharged Woodrum. Woodrum alleges he tried to grieve his discharge, but was told

the Hospital did not accept grievances from terminated employees.[2]

On February 28, 1997 Woodrum filed a complaint with the West Virginia Human Rights Commission ("WVHRC") alleging age and handicap discrimination. An Equal Employment Opportunity Commission ("EEOC") charge was "dual" filed with the WVHRC complaint. Woodrum states the WVHRC issued a "right to sue" letter on February 23, 1997.[3] Pl.'s Resp. to Def.'s Mot. Summ. J. at 8. on January 20, 1999 the WVHRC reached a determination of no probable cause in Woodrum's case because the complaint was untimely filed. Def.'s Mot. Summ. J., Ex. B–7.

This civil action was filed in Kanawha County Circuit Court on May 15, 1998 on three grounds, of which only disability discrimination remains.[4] Plaintiff alleges violations of the West Virginia Human Rights Act ("WVHRA"), W.Va.Code § 5–11–1, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Defendant removed to this court based on federal question jurisdiction, pursuant to 28 U.S.C § 1331.

Defendant argues (1) Plaintiff's claims fail as a matter of law because Plaintiff's WVHRC complaint was filed untimely so Plaintiff failed to exhaust his administrative remedies before filing this civil lawsuit and (2) Plaintiff has failed to establish essential elements of a disability discrimination claim. Because the Court agrees that the state action was filed untimely and so precludes further litigation, it does

---

for summary judgment on the age discrimination and breach of contract claims.

Plaintiff opposes summary judgment on the disability claim, however, and moves within his response brief for summary judgment on that claim. Under the Court's Scheduling Order, dispositive motions were due by February 14, 1999. Plaintiff's motion, filed on March 1, 1999, was not timely and he did not seek the Court's leave to file out of time. Accordingly, the Court treats this memorandum as Plaintiff's response to Defendant's motion for summary judgment, rather than a cross motion for summary judgment.

2. Plaintiff provides no documentation of this occurrence; however, it is not disputed by Defendant and so, for the purposes of this Opinion, the Court accepts it as true.

3. Woodrum provides no documentation, however, for this claim. The Court accepts this representation as true for the purposes of this decision; the fact is not, at any rate, dispositive.

4. *See supra* n. 1.

not reach the merits of Plaintiff's disability claims.

## I. ARGUMENT

### A. Exhaustion of Administrative Remedies

#### 1. Timely filing with the WVHRC

A person claiming discrimination under the WVHRA must file a complaint with the Human Rights Commission within 365 days after the alleged act of discrimination. W.Va.Code § 5–11–10. Woodrum was fired on February 26, 1996 and filed a complaint with the WVHRC on February 28, 1997, beyond the 365–day limit. Plaintiff argues the time limit is not absolute, but, like other statutes of limitation, is subject to waiver, estoppel, and equitable tolling. The Court agrees. The Supreme Court of Appeals of West Virginia has held

A complainant who fails to file a complaint in a timely manner under the West Virginia Human Rights Act, *unless the untimeliness is excused by waiver or estoppel,* does not have the benefit of the alternative limitations period established by W.Va.Code, 5–11–13, for bringing an action in a circuit court of this State.[5]

*McCourt v. Oneida Coal Company, Inc.,* syl. pt. 2, 188 W.Va. 647, 653, 425 S.E.2d 602, 608 (1992) (emphasis added).

■ In cases alleging a discriminatory discharge from employment, the time period for filing a WVHRC complaint ordinarily begins to run on the date when the employer unequivocally notifies the employee of the termination decision. *Id.* at 652, 425 S.E.2d at 607 (citing *Independent Fire Company No. 1 v. West Virginia Human Rights Comm'n,* syl. pt. 2, 180 W.Va. 406, 376 S.E.2d 612 (1988)). Woodrum was unequivocally notified he was dis-charged at the conclusion of the February 26, 1996 meeting with his supervisor. Woodrum argues that the time begins to run when plaintiff "knows or should have known the discharge decision was made and was final." Such a discovery rule principle indeed may be applicable for the purposes of equitable tolling; however, Woodrum's argument is essentially: he could not have known the decision was final because 1) he did not believe his supervisor had the authority to fire him and 2) he did not know he could not grieve his discharge. In other words, he did not know the decision was final because he did not believe it. Neither explanation is sufficient to toll the running of the filing period beginning on the actual discharge date. Woodrum's WVHRC complaint, filed February 28, 1997, was not timely.

■ Having failed to file a timely WVHRC complaint, Woodrum may not turn to circuit court for relief. The statute regarding filing complaints of discrimination with the WVHRC states, "[T]he procedure herein provided shall, *when invoked,* be exclusive." W.Va.Code § 5–11–13(a) (emphasis added). This section has been interpreted to give those "aggrieved by human rights violations the option to proceed in circuit court, as an alternative to initiating administrative action." *Price v. Boone County Ambulance Auth.,* 175 W.Va. 676, 679, 337 S.E.2d 913, 916 (1985). These two avenues, however, are "mutually exclusive, as section 5–11–13(a) makes clear." *Id.* By filing his WVHRC complaint, albeit untimely, Woodrum invoked the administrative procedure and, thus, foreclosed this attempt to later bring the same claims in circuit court. Accordingly, the Court **DISMISSES** with prejudice Plaintiff's WVHRA claims of disability discrimination.

5. Federal courts have applied the same principle to EEOC filing period limitations. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (stating "[F]iling timely charge of discrimination with the Equal Employment Opportunity Commission is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

### 2. ADA Claims

Before filing a complaint alleging discrimination under the ADA, Plaintiff must first exhaust all administrative remedies required by Title VII of the Civil Rights Act of 1964. *Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 136 (4th Cir.1995); *see also* 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures" set forth in section 2000e–5 of Title VII into the ADA). If the alleged discrimination occurs in a state that has enacted a law "prohibiting the unlawful employment practice alleged" and has "establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice,"[6] "complainants are required to resort [to] state and local remedies" before they may proceed to the EEOC, and then to federal court, on their claims of discrimination under federal law. *Davis* 48 F.3d at 136 (citing *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 62, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980)); *see also id.* at 65, 100 S.Ct. 2024, ("Initial resort to state and local remedies is mandated, and recourse to the federal forums is appropriate only when the State does not provide prompt or complete relief." (citation omitted)).

By failing to file timely with the WVHRC, Woodrum failed to resort to state remedies, which are a mandatory prerequisite, a condition precedent, for filing his federal claims under the ADA.[7] Accordingly, the Court **DISMISSES** Plaintiff's ADA disability discrimination claims with prejudice.

### II. CONCLUSION

To summarize, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's claims of breach of contract and age discrimination and **DISMISSES** with prejudice Plaintiff's state law claims under the WVHRA and his federal law claims under the ADA, that is, all claims pending in this action.

---

**6.** West Virginia is such a state, having enacted the WVHRA and established the WVHRC.

**7.** Additionally, 42 U.S.C. § 2000e–5 has a 180–day statute of limitations unless an action is first filed with a state or local agency, in which case the statute of limitations period is 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1). Plaintiff dual filed with the WVHRC and the EEOC 367 days after he was fired. His federal claims, therefore, are also time-barred.