Boyd Allan WOODRUM, Plaintiff,

v.

**THOMAS MEMORIAL HOSPITAL FOUNDATION, INC.,**
Defendant.

Civ.A. No. 2:98–0520.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 21, 1999.

Douglas Miller, Charleston, WV, for plaintiff.

Charles M. Surber, Jr., Erin Magee Condaras, Jackson & Kelly, Charleston, WV, for defendant.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Plaintiff's motion for reconsideration, alteration or amendment of judgment pursuant to *Rule* 59(e) of the *Federal Rules of Civil Procedure.* The motion is ripe for disposition. For reasons discussed more fully below, the Court **DENIES** the motion.

The Court declines to restate the facts, which are fully set out in the opinion of which Plaintiff seeks amendment, *Woodrum v. Thomas Memorial Hospital Foundation, Inc.,* 45 F.Supp.2d 538 (S.D.W.Va.1999).

▮ *Rule* 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. As our Court of Appeals has noted, the rule itself provides no standard for when a district court may grant such a motion. *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). However, courts interpreting *Rule* 59(e) have recognized three grounds for amending an earlier judgment: 1) to accommodate an intervening change in controlling law, 2) to account for new evidence not available at trial, or 3) to correct a clear error of law or prevent manifest injustice. *Id.* Commentators observe "because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles A. Wright *et al., Federal Practice and Procedure* § 2810.1 (2d ed.1995); *Rouse v. Nielsen,* 851 F.Supp. 717, 734 (D.S.C.1994) (stating "Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions should be granted sparingly."). Accompanying this proposition is the equally well-settled tenet that *Rule* 59(e) "may not be used to ... raise arguments ... that could have been raised prior to the entry of judgment." Wright *et al., supra* § 2810.1; *see also Servants of the Paraclete, Inc. v. Great American Ins. Co.,* 866 F.Supp. 1560, 1581 (D.N.M.1994); *Rouse,* 851 F.Supp. at 734 (observing *Rule* 59(e) motions " 'cannot be used to raise arguments which could, and should, have been made before the judgment issued[.]' ") (quoted authority omitted).

▮ In this case, the first two grounds for alteration of a judgment are not available to

Plaintiff. He apparently relies on the third ground, arguing the one-year period for filing a West Virginia Human Rights Commission ("WVHRC") complaint should have been tolled until Plaintiff knew the non-discriminatory reasons for his discharge. This is essentially the same argument Plaintiff presented at summary judgment, except there Plaintiff argued he did not know his termination was final. Now he argues he did not know why he was fired. Even if this were true, it is irrelevant; and even if it were relevant, it was not asserted seasonably.

 Plaintiff's supervisor provided an extensive affidavit in which she avers she discussed a number of issues with him at their February 26, 1996 meeting; Plaintiff was not willing to work on the issues discussed; and therefore, at the end of that meeting, he was discharged. Def.'s Mot. Summ.J., Ex. B at ¶ 16. Four days later, on March 1, 1996, Plaintiff filed a 13-page grievance addressing the issues for which his supervisor alleged she fired him. Def.'s Mot. in Opp'n to Pl.'s Mot. for Recons., Ex. 2. Clearly, Plaintiff had thirteen pages of ideas why Defendant claimed he was discharged. Even if Plaintiff did not know Defendant's reasons for firing him, it does not matter to Plaintiff's knowledge of his injury. Those reasons make up no part of Plaintiff's case of ostensible discrimination. Instead, they comprise the defense. Presumably, every employer will assign some non-discriminatory reason for a discharge. Whether and when Plaintiff learns Defendant's reasons is irrelevant to his knowledge of his alleged injury, the discriminatory discharge. Finally, even if this were a valid argument for tolling the one-year limitations period for WVHRC filing, which it is not, it should have been raised in response to Defendant's motion for summary judgment. A *Rule* 59(e) motion for amendment of judgment is not the time to revisit and reinvent tolling arguments ostensibly based on Plaintiff's excusable ignorance.

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration, amendment, or alteration of judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.