**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

September 2017 Term

_____

No. 17-0620

_____

**FILED**

**November 8, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel.
RAVEN CREST CONTRACTING, LLC, and
XINERGY OF WEST VIRGINIA, INC.,
Petitioners,

v.

HONORABLE WILLIAM S. THOMPSON
Judge of the Circuit Court of Boone County, and
LARRY ADKINS,
Respondents.

_____

ORIGINAL PROCEEDING IN PROHIBITION

WRIT DENIED

_____

Submitted: October 17, 2017
Filed: November 8, 2017

Brian J. Moore, Esq.
Katherine B. Capito, Esq.
Dinsmore & Shohl LLP
Charleston, West Virginia
Counsel for the Petitioners

Paul L. Frampton, Jr., Esq.
Atkinson & Polak, PLLC
Charleston, West Virginia
Matthew M. Hatfield, Esq.
Hatfield & Hatfield, PLLC
Madison, West Virginia
Counsel for the Respondents

JUSTICE KETCHUM delivered the Opinion of the Court.

CHIEF JUSTICE LOUGHRY concurs, and reserves the right to file a separate opinion.

**SYLLABUS BY THE COURT**

1. "The statute of limitations for employment discrimination cases brought to enforce rights under the West Virginia Human Rights Act, W.Va. Code §§ 5-11-1 to -20 (2013), including allegations of discriminatory failure to hire, begins to run from the date a plaintiff first learns of the adverse employment decision." Syllabus Point 2, *Metz v. E. Associated Coal, LLC*, 239 W.Va. 157, 799 S.E.2d 707 (2017).

2. Under the West Virginia Human Rights Act, W.Va. Code § 5-11-9 [2016], an employer's failure to rehire an employee subsequent to an allegedly discriminatory termination, absent a new and discrete act of discrimination in the refusal to rehire, cannot resurrect the stale discriminatory termination.

i

Justice Ketchum:

In this action for a writ of prohibition, an employer asks us to examine a circuit court order denying a motion to dismiss a former employee's lawsuit. The former employee's complaint claimed that the employer engaged in two acts of discrimination: when it terminated the employee, and when it failed to rehire him 21 months later. The parties agree that the two-year statute of limitation precludes the wrongful termination claim. The question presented by the employer is whether the failure to rehire claim, filed only nine months after the alleged failure to rehire, is also barred by the statute of limitation.

The circuit court found that the former employee's complaint alleged that the failure to rehire claim was a separate and new act of discrimination, and was not barred by the statute of limitation. The circuit court therefore refused to dismiss the former employee's failure to rehire claim. We find no error with the circuit court's order and deny the employer's request for a writ of prohibition.

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Defendants Raven Crest Contracting, LLC, and Xinergy of West Virginia, Inc. (doing business as "Xinergy Corporation") operated a surface coal mine in Boone County, West Virginia. Plaintiff Larry Adkins alleges that he began working for the defendants as an equipment operator in 2008, and that he performed his duties in a satisfactory manner.

1

In January 2012, the plaintiff experienced medical problems and physical disabilities related to his heart. The plaintiff's medical provider excused him from work due to the seriousness of his heart problems. The plaintiff alleged that the defendants knew of his disability and knew he had a medical excuse precluding him from working.

On April 11, 2012, the defendants "idled" the surface mine and dismissed all employees, including the plaintiff, from work. At some point after the defendants closed the mine, the plaintiff's medical provider released the plaintiff to return to work.

The plaintiff alleges that about 21 months later, in January 2014, the defendants again began mining coal at the Boone County facility. The plaintiff sought to be re-employed by the defendants but was not rehired.[1]

Nine months after being denied reemployment, on September 12, 2014, the plaintiff filed a lawsuit against the defendants. The plaintiff alleged that he was over the age of 40 and was disabled, both of which are conditions protected by the West Virginia Human Rights Act.[2] In the complaint, the plaintiff contended, "the defendants willfully, maliciously and unlawfully terminated the plaintiff's employment and/or failed to re-hire the plaintiff." The plaintiff asserted that his discharge from employment and/or the

---

[1] The plaintiff's complaint alleged, "That the plaintiffs [sic] sought re-employment with the defendants once coal mining began at the defendants' surface mine where he was previously employed, however, he has not been re-hired."

[2] *See* W.Va. Code § 5-11-9 [1998] (prohibiting discrimination in employment because of race, religion, color, national origin, ancestry, sex, age, blindness or disability). This statute was amended in 2016 to allow preference in the hiring of veterans and disabled veterans. It does not appear that any amendments were made affecting the plaintiff's suit.

defendants' failure to re-employ him were based upon the plaintiff's age and disability in violation of the Act.

The defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The defendants asserted the two-year statute of limitation barred the plaintiff's lawsuit.[3] The plaintiff's complaint alleged that the defendants discharged him on April 11, 2012, but he did not file his complaint until September 12, 2014, more than two years later. Thus, the defendants argued, all of the plaintiff's discrimination claims were time-barred and should be dismissed.

The plaintiff responded to the defendants' motion to dismiss and pointed out that his complaint contained two separate acts of discrimination: a claim of wrongful discharge and a claim for wrongful failure to rehire. The plaintiff argued that the defendant's motion dealt exclusively with the plaintiff's claim for wrongful termination, and made no mention of the claim for failure to rehire.[4]

---

[3] *See generally McCourt v. Oneida Coal Co.*, 188 W.Va. 647, 651, 425 S.E.2d 602, 606 (1992) ("*West Virginia Code,* 55-2-12, in this Court's opinion establishes the basic two-year, circuit court limitation period" for actions under the Human Rights Act).

[4] The plaintiff asked the circuit court to enter a default judgment on the failure to rehire claim because the defendants' responsive pleading did not address the claim. Rule 8(d) of the Rules of Rules of Civil Procedure provides that allegations in a complaint that are not denied in a motion to dismiss are deemed to be admitted as true, while Rule 12(b) requires defenses to be asserted in the pleading or motion responding to the complaint. The plaintiff argued that, under Rule 55(a), the defendants had "failed to plead or otherwise defend" against the failure to rehire claim, and that a default judgment was required. However, the circuit court later denied the plaintiff's request for a default judgment.

The defendants replied and for the first time specifically addressed the failure to rehire claim. The defendants argued that the plaintiff knew about any alleged discrimination "at the time of his employment termination." Furthermore, the defendants asserted that the plaintiff was merely trying to save his case, and render the statute of limitation meaningless, by reapplying for employment.

In an order dated June 13, 2017, the circuit court ruled upon the defendants' motion to dismiss. The circuit court found that the plaintiff's complaint "contained allegations of both wrongful termination **and** failure to hire." The plaintiff had admitted to the circuit court that he filed the claims for wrongful termination outside the two-year statute of limitation. Hence, the circuit court partially granted the defendant's motion and dismissed the plaintiff's claim that the defendants wrongfully discharged him from his job.

However, the circuit court also concluded that the statute of limitation did not bar the plaintiff's failure to rehire claim. The circuit court found that the defendants failed to explain "how two distinct employment decisions, a termination and a failure to hire, nearly two years apart, can be considered the same act of discrimination under the law for purposes of the statute of limitations." The circuit court concluded that the failure to rehire claim "was a separate and distinct decision from the termination nearly two years prior."

The circuit court then noted Chief Justice Loughry's recent opinion in *Metz v. Eastern Associated Coal, LLC*, declaring that, "The statute of limitations for employment discrimination cases brought to enforce rights under the West Virginia

4

Human Rights Act, . . . including allegations of discriminatory failure to hire, begins to run from the date a plaintiff first learns of the adverse employment decision."[5] Based upon *Metz*, the circuit court found that the statute of limitation did not begin to run on the failure to rehire claim until after the defendants elected not rehire him in January 2014. Accordingly, the circuit court refused to dismiss the plaintiff's claim that the defendants wrongfully failed to rehire him.

The defendants then filed a petition for a writ of prohibition with this Court. The defendants asserted that the plaintiff's failure to rehire claim (filed only nine months after the defendants allegedly failed to rehire the plaintiff for discriminatory reasons) was barred by the two-year statute of limitation. We issued a rule to show cause.

After hearing arguments from the parties, we now deny the requested writ.

## II.
## STANDARD OF REVIEW

This Court has often stated that a writ of prohibition "will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers."[6] The defendants assert that the circuit court's order exceeded its legitimate powers. We therefore apply the following guidelines:

---

[5] Syllabus Point 2, *Metz v. E. Associated Coal, LLC*, 239 W.Va. 157, 799 S.E.2d 707 (2017).

[6] Syllabus Point 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). *See also*, Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953) ("Prohibition lies only to restrain inferior courts from proceeding in

Continued . . .

5

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[7]

## III.
## ANALYSIS

The defendants contend that the circuit court should have granted their motion to dismiss the plaintiff's complaint on the ground that the plaintiff's failure to rehire claim is barred by the statute of limitation. It is axiomatic that when a court

causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.")

[7] Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

6

considers a motion to dismiss, "[c]omplaints are to be read liberally[.]"[8] To that end, "[f]or purposes of the motion to dismiss, the complaint is construed *in the light most favorable to the plaintiff*, and its allegations are to be taken as true."[9]

The plaintiff argues, and the circuit court agreed, that his complaint alleged two acts of discrimination by the defendants: a wrongful termination, and a wrongful failure to rehire. The plaintiff readily concedes that the statute of limitation bars the wrongful termination claim and admitted at oral argument he should not have included that claim in the complaint. Further, the plaintiff does not dispute the circuit court's dismissal of the wrongful termination claim.

The plaintiff nevertheless maintains that his complaint properly alleged a failure to rehire claim that was not barred by the statute of limitation. At three different points in his complaint, the plaintiff asserted that in January 2014: (1) the defendants wrongfully "failed to re-hire the plaintiff"; (2) that the defendants based their "failure to re-employ him" upon the plaintiff's disability; and (3) that the defendants based their "failure to re-employ him" upon the plaintiff's age.

Our law is well established: "The statute of limitations for employment discrimination cases brought to enforce rights under the West Virginia Human Rights

---

[8] *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995). *See also* Rule 8(f) of the West Virginia Rules of Civil Procedure [1998] (requiring all pleadings "be so construed as to do substantial justice.").

[9] *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978) (emphasis added).

7

Act, W.Va. Code §§ 5-11-1 to -20 (2013), including allegations of discriminatory failure to hire, begins to run from the date a plaintiff first learns of the adverse employment decision."[10] The plaintiff learned of the alleged discriminatory failure to rehire in January 2014, and he filed his complaint nine months later in September 2014. The plaintiff therefore argues his failure to rehire claim was filed well within the two-year statute of limitation.

The defendants argue that a failure to rehire a plaintiff after an allegedly discriminatory discharge, absent a new and separate act of discrimination in the failure to rehire itself, cannot resurrect the stale discriminatory discharge claim. The defendants' argument is culled from *Independent Fire Company No. 1 v. West Virginia Human Rights Commission*,[11] a case where this Court considered the statute of limitation for a claim filed before the Human Rights Commission. Our decision required an examination of similar limitation statutes in federal employment discrimination law. We concluded that

---

[10] *Metz v. E. Associated Coal, LLC*, 239 W.Va. 157, 799 S.E.2d 707 (2017). *See also*, Syllabus Point 1, *McCourt v. Oneida Coal Co.*, 188 W.Va. 647, 425 S.E.2d 602 (1992) ("In circuit court cases alleging a discriminatory discharge from employment, which a complainant might bring in the West Virginia Human Rights Commission under the West Virginia Human Rights Act, *W.Va.Code,* 5–11–1 *et seq.,* the statute of limitations period for filing a complaint with the circuit court ordinarily begins to run on the date when the employer unequivocally notifies the employee of the termination decision.").

[11] 180 W.Va. 406, 376 S.E.2d 612 (1988).

8

the time limit to file a claim "ordinarily begins to run on the date when the employer unequivocally notifies the employee of the termination decision."[12]

In our discussion of federal law in *Independent Fire Company*, we noted:

Federal courts are also in agreement that the failure to rehire after an alleged discriminatory discharge, absent an independent discrete act of discrimination, does not constitute a new or continuing violation of the civil rights laws. Otherwise, the limitation period could always be circumvented by simply reapplying for employment.

The defendants urge that we adopt this federal principle. The defendants then argue that this Court should narrowly read the plaintiff's complaint as asserting only one cause of action: one for wrongful discharge. The statute of limitation bars that cause of action. The defendants therefore assert that, because of the manner in which the plaintiff's complaint was drafted, the circuit court should have construed the complaint against the plaintiff. Essentially, because the complaint says the defendants wrongfully terminated "and/or"[13] failed to rehire the plaintiff, the defendants argue the circuit court should have ruled the plaintiff's failure to rehire claim was also barred by the statute of limitation.

---

[12] Syllabus Point 2, *Indep. Fire Co. No. 1 v. W.Va. Human Rights Comm'n*, 180 W.Va. at 406, 376 S.E.2d at 612.

[13] To be more specific, only two of the plaintiff's three allegations in his complaint used the "and/or" formulation. The third allegation says that the plaintiff's "discharge from his employment *and* the defendant's failure to re-employ him" were based upon the plaintiff's disability. This Court is not so bureaucratic or picayune to ignore that the plaintiff's use of the word "and" alleges separate, distinct acts of discrimination. *See generally* Syllabus Point 20, *Carper v. Kanawha Banking & Tr. Co.*, 157 W.Va. 477, 207 S.E.2d 897 (1974) ("Because of the frequent inaccurate usage of the disjunctive 'or' and the conjunctive 'and' in statutory enactments, courts have the power to change and will change 'and' to 'or' and vice versa, whenever such conversion is

Continued . . .

9

The federal principle that the defendants urge us to adopt first arose in *Collins v. United Air Lines*.[14] In 1967, an airline required its stewardesses to resign or be discharged upon marriage. Plaintiff Collins resigned her stewardess position three days after her marriage. Four-and-a-half years later, in 1971, the plaintiff wrote a letter demanding the airline reinstate her with full back pay and seniority. When the airline refused, the plaintiff filed a claim with the federal Equal Employment Opportunity Commission alleging discrimination on the basis of sex.

The *Collins* court found the plaintiff's claim was untimely. Federal law required discrimination claims to be filed quickly (at that time, within 90 days after the discrimination), and the plaintiff's request for reinstatement happened four years after the only alleged act of discrimination. The *Collins* court based its ruling on the difference between a request for reinstatement (which litigates the fairness of the original discharge) and a refusal to rehire (which usually involves a separate act of discrimination):

> A discharged employee who seeks to be *reinstated* is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer. The word *reinstatement* must be employed in this connection as the equivalent of uninterrupted employment. * * * The concept of a discriminatory refusal to hire is a different concept. If a person – whether a former employee or not – applies for employment and discriminatorily is

---

necessary to effectuate the intention of the Legislature and give effect to the overall provisions of a statute.")

[14] *Collins v. United Air Lines, Inc.*, 514 F.2d 594 (9th Cir. 1975).

10

refused employment * * *, the employer has committed a separate and distinct unfair * * * practice.[15]

As a contrast to the facts in *Collins*, in *Inda v. United Air Lines*,[16] the same federal court found discrimination claims against the same airline, for the same policy, *were* timely when the plaintiffs alleged a separate and distinct act of discrimination in the refusal to rehire. As in *Collins*, the plaintiffs in *Inda* were stewardesses who involuntarily resigned in 1967 after marrying. However, the plaintiffs alleged that their supervisors told them they would be rehired if the airline abandoned the "no-marriage" policy. When the airline ended the policy in 1968, the plaintiffs re-applied for their positions. The airline refused to employ the plaintiffs, asserting that its new policy applied only to stewardesses who married after employment, not those married before they applied for employment.

The plaintiffs filed their discrimination claims in 1968. The *Inda* court distinguished the case factually from *Collins*, and found that the 1968 denial of employment "constituted a separate and independent violation which, standing alone, would support a charge of unfair employment practice."[17] "[N]ew elements of unfairness, not existing at the time of the original violation, attached to denial of re-employment, and

---

[15] 514 F.2d at 596–97 (quoting *N.L.R.B. v. Textile Mach. Works*, 214 F.2d 929, 932 (3d Cir. 1954).

[16] *Inda v. United Air Lines, Inc.*, 565 F.2d 554 (9th Cir. 1977).

[17] *Id.*, 565 F.2d at 561.

11

it cannot be said . . . that the discrimination attaching to the original discharge was the only basis for reinstatement."[18]

The line of federal cases that began with *Collins* resulted in the following guide (and is the one that this Court parroted in *Independent Fire Company*):

> [A] failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act. *Collins v. United Airlines, Inc.,* 514 F.2d 594, 596 (9th Cir. 1975) (Title VII). Otherwise, a potential plaintiff could always circumvent the limitations by reapplying for employment. A simple request for reinstatement "seeks to redress the original termination."[19]

To be clear, under this line of cases the federal courts "expressly recognize discriminatory failure to reinstate as a separately actionable claim."[20] "Each discrete

---

[18] *Id.*, 565 F.2d at 562.

[19] *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985).

[20] *Josephs v. Pacific Bell*, 443 F.3d 1050, 1060 (9th Cir. 2006). *Accord Kaufman v. Perez*, 745 F.3d 521, 529-30 (D.C. Cir. 2014) ("[C]ourts have found failures to reinstate actionable in the face of uncertainty regarding the initial adverse action. Similarly, courts have found failures to reinstate actionable given an intermediate change in the substantive policy that produced the initial firing. Finally, courts have found failures to reinstate actionable where a complainant can show disparate treatment or bias in the reinstatement process." (Citations omitted.)); *E.E.O.C. v. City of Norfolk Police Dep't*, 45 F.3d 80, 84 (4th Cir. 1995) ("Even the *Collins* progeny recognize in such circumstances a refusal to reinstate can constitute a new act of discrimination."); *E.E.O.C. v. Hall's Motor Transit Co.*, 789 F.2d 1011, 1014 (3d Cir. 1986) ("a racially-motivated decision to deny reinstatement" is a separate claim from discriminatory discharge); *Poolaw v. City of Anadarko*, 660 F.2d 459, 465 (10th Cir. 1981) ("Poolaw's allegation that his post-termination treatment was discriminatory is a claim separate and distinct from his allegation of discriminatory discharge.").

12

discriminatory act starts a new clock for filing charges alleging that act."[21]   As Judge

Posner eloquently said, whether an employee "applied" or "reapplied" for a job,

> [a] defendant cannot by virtue of its history of discrimination against an employee prevent that employee from complaining about new discriminatory acts.  Only if the defendant has made clear that the plaintiff will not receive further consideration is the plaintiff on notice of a permanent exclusion . . . that starts the statute of limitations running on any future job applications.  Or put differently, if it obviously would be futile to make a future application for the job for which he has just been turned down, the plaintiff cannot delay suit and use those futile applications to delay the running of the statutory period indefinitely. . . . When a worker is authoritatively informed that he will never be promoted, that decision is "final" with respect to his promotions, and the statute of limitations begins to run.[22]

"If the defendant makes it clear to the plaintiff that its decision is final and will not be

revisited, so that a future application for reinstatement by the plaintiff would be useless,

then the defendant's denial of an application for reinstatement is not considered a new act

that restarts the statute of limitations."[23]

We follow the reasoning of these federal cases, and conclude that under the

West Virginia Human Rights Act, W.Va. Code § 5-11-9, an employer's failure to rehire

an employee subsequent to an allegedly discriminatory termination, absent a new and

---

[21] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[22] *Webb v. Indiana Nat. Bank*, 931 F.2d 434, 437 (7th Cir. 1991).

[23] *Kasemeier v. Indiana Univ.*, 99 F.3d 1142 (7th Cir. 1996).

discrete act of discrimination in the refusal to rehire, cannot resurrect the stale discriminatory termination.

In this case, the plaintiff alleged in his complaint that the defendants closed their mine in April 2012 and terminated all of the employees. The plaintiff's counsel admitted at oral argument that it was a mistake to have filed a stale claim asserting this termination was discriminatory. Regardless, the plaintiff admits the circuit court correctly ruled that the termination claim was stale and barred by the statute of limitation.

The plaintiff's complaint does, however, allege that that he applied to be rehired when the mine reopened in January 2014. He further alleged a new and discrete act of discrimination: that the defendants refused to rehire him because of his age and his perceived disability. There is nothing in the complaint to suggest that the defendants' allegedly discriminatory termination decision was permanent or that the plaintiff's January 2014 application for employment was a futile gesture designed to indefinitely delay the running of the statutory limitation.

We, like the circuit court, must read the complaint in the light most favorable to the plaintiff, and we take its allegations as true. To accept the defendants' position, we would have to reject the mandate of Rule 8 of our Rules of Civil Procedure that a complaint is to "be so construed as to do substantial justice." The plaintiff alleged in his complaint that the defendants, in January 2014, engaged in new acts of

discrimination when they failed to rehire him. The plaintiff met his burden of alleging sufficient information to outline the elements of a timely claim.[24]

Put simply, the plaintiff's complaint, filed nine months after the alleged discriminatory failure to rehire him, asserted a timely cause of action. We therefore find no error in the circuit court's June 13, 2017, order denying the defendants' motion to dismiss the plaintiff's claim for failure to rehire.

### IV.
### CONCLUSION

We find nothing in the record to show the circuit court exceeded its legitimate powers when it issued its June 13, 2017, order. Accordingly, the requested writ of prohibition must be denied.

Writ denied.

---

[24] *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W.Va. at 605, 245 S.E.2d at 159 ("All that the pleader is required to do is to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.")