# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Pamela Schade,**
**Plaintiff Below, Petitioner**

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0512** (Monongalia County 11-C-346)

**West Virginia University and**
**West Virginia University Board of Governors,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Pamela Schade, by counsel Edmund J. Rollo, appeals the Circuit Court of Monongalia County's November 15, 2015, order granting respondents' motion for summary judgment as to her whistle-blower claim and May 3, 2018, order granting respondents' motion for summary judgment as to petitioner's remaining claims. Respondents West Virginia University ("WVU") and West Virginia University Board of Governors, by counsel Monte L. Williams and Julie A. Moore, submitted a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Pamela Schade worked as an at-will, nonclassified, nontenure track, faculty equivalent/academic professional serving as a program coordinator within the National Environmental Services Center ("NESC"), a program of the National Research Center for Coal and Energy ("NRCCE"). That program is administered by WVU's Office of the Vice President for Research and Economic Development. Petitioner annually received an appointment and contract. Pursuant to that appointment, her position was fully funded by grants and contracts. On July 30, 2010, petitioner was notified by Dr. Richard Bajura, Director of NRCCE, and Dr. Gerald Iwan, petitioner's supervisor, that funding to sustain petitioner's employment beyond October 31, 2010, had not been identified, so her position was being eliminated effective as of that date. October 31, 2010, was petitioner's last day of employment at NESC.

Petitioner filed a grievance with the West Virginia Public Employees Grievance Board ("WVPEGB") on October 22, 2010, alleging that the decision not to renew her contract in 2010 was in retaliation for her prior whistle-blower activities in 2005.[1] She also alleged that she

---

[1] According to petitioner, in 2005 she made a report to WVU's Office of Social Justice that a former employee was being inappropriately paid from NESC funds. She reported that a
(continued…)

suffered emotional distress. However, she did not set forth any alleged violations of the West Virginia Human Rights Act in that grievance. Her grievance was denied at level one on February 14, 2011. She appealed to level two, and an unsuccessful mediation was held on May 13, 2011. She appealed her grievance to level three, but that grievance was denied in a December 21, 2011, decision, following an evidentiary hearing before an administrative law judge ("ALJ"). Petitioner had the right to appeal the ALJ's decision to the Circuit Court of Kanawha County within thirty days of receiving that decision, but she did not do so.

On May 31, 2011, petitioner filed suit against respondents, alleging the violation of the West Virginia Whistle-blower Law, retaliatory discharge in violation of a substantial public policy, and intentional infliction of emotional distress.[2] Following discovery, respondents filed their motion for summary judgment as to all claims on July 27, 2015. In that motion, they argued that petitioner's Whistle-blower Law claim was barred by the applicable statute of limitations; petitioner's claims were barred by the doctrines of res judicata and collateral estoppel; and petitioner lacked sufficient evidence to prove her claims for retaliatory discharge and intentional infliction of emotional distress. On September 10 and October 14, 2015, the circuit court held hearings on that motion, and on November 15, 2015, it entered its order granting respondents' motion for summary judgment as to the Whistle-blower Law claim. The court further found that petitioner had sufficiently demonstrated genuine issues of material fact as to her claims for retaliatory discharge and intentional infliction of emotional distress. Therefore, it denied those portions of respondents' motion for summary judgment. However, it deferred ruling on respondents' assertion that petitioner's claims were barred by the doctrine of res judicata and held respondents' motion in abeyance pending that ruling.

On February 18, 2016, respondents filed a notice of new legal authority supporting dismissal or entry of summary judgment in favor of respondents, citing this Court's decision in *Subramani v. West Virginia University Board of Governors*, Case No. 14-0924, 2015 WL 7628720 (W. Va. Nov. 20, 2015) (memorandum decision). Respondents then filed a second such notice, submitting a December 16, 2016, order from Judge Gaujot in *Stewart v. West Virginia University Board of Governors*, Monongalia County Civil Action No. 16-C-132. On May 15, 2017, the circuit court held a status conference, during which petitioner's counsel requested additional time to address the new points of law raised by respondents. The circuit court entered a briefing schedule for the parties, and set a hearing date of July 6, 2017. Petitioner failed to submit any additional briefing, but respondents filed a supplemental brief in support of summary judgment on July 17, 2017.

Following that hearing, the circuit court entered its May 3, 2018, order granting

---

doctor employed at WVU was improperly receiving NESC funds under a contract that did not exist. However, a supervisor represented that that contract existed and justified the provision of NESC funds to that employee. Petitioner states that after the investigation was concluded, the supervisor's contract with WVU was not renewed and the employee was no longer at WVU.

[2] On October 22, 2010, petitioner, by counsel, sent a pre-suit notice to WVU and the Attorney General pursuant to West Virginia Code § 55-17-3.

respondents' motion for summary judgment. In that order, the circuit court found that respondents are entitled to summary judgment as to petitioner's claims for retaliatory discharge and intentional infliction of emotional distress because she failed to exhaust her administrative remedies as required by West Virginia Code § 6C-2-1. Petitioner appeals from both orders granting summary judgment to respondents.

"We review a circuit court's summary judgment order *de novo.* Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994)." *Chesapeake Appalachia, L.L.C. v. Hickman*, 236 W. Va. 421, 434, 781 S.E.2d 198, 211 (2015). Further,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 4, *Painter*.

On appeal, petitioner sets forth two assignments of error. First, she contends that the circuit court erred and abused its discretion in granting respondents summary judgment as to her whistle-blower claim because it was not time-barred by the statute of limitations. As set forth in West Virginia Code § 6C-1-4(a), "[a] person who alleges that he is a victim of a violation of this article may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within one hundred eighty days after the occurrence of the alleged violation." Petitioner does not challenge the applicability of this statute; however, she asserts that the statute of limitations did not begin to run until the last day of her employment. She points to the fact that she was previously notified that her contract was set to expire on specified dates, but those dates were later extended. Based on those notifications and extensions, she argues that her employment was not ordinary and, without citing to the record, contends that even the circuit court recognized that her contract could be extended on the eve of its expiration. In addition, without citing any precedent from this Court, she argues that because she was required to avail herself of the grievance procedure, the statute of limitations should be tolled until the grievance is exhausted.

Petitioner's arguments ignore several prior holdings from this Court. In addressing employment discrimination cases, we have held that the statute of limitations "'begins to run from the date a plaintiff first learns of the adverse employment decision.' Syllabus Point 2, *Metz v. E. Associated Coal, LLC*, 239 W.Va. 157, 799 S.E.2d 707 (2017)." Syl. Pt. 1, in part, *State ex rel. Raven Crest Contracting, LLC v. Thompson*, 240 W. Va. 8, 807 S.E.2d 256 (2017). We find petitioner's arguments unpersuasive as to the date the statute of limitations began to run. While the earlier notices were titled notices of appointment extension, those notices advised her that her appointment was being extended but that further extensions would be based on the availability of funding. However, the July 30, 2010, notice of nonrenewal provides that it "constitutes formal notification to you that your current assignment . . . will not be extended past October 31, 2010, due to the lack of funding." That clearly meets the standard of petitioner learning "of the adverse employment decision," which triggered the running of the statute of limitations.

In addition, in *Independent Fire Company No. 1 v. West Virginia Human Rights Commission*, this Court noted that

> [t]he [*Delaware State College v.*] *Ricks*[, 449 U.S. 250 (1980),] Court also reaffirmed its earlier ruling in *International Union of Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), which established that the pendency of a grievance or some other method of challenging the discharge decision does not toll the running of the limitation period.

180 W. Va. 406, 410-11, 376 S.E.2d 612, 616-17 (1988). Therefore, we find petitioner's argument on that point unavailing.

In her second assignment of error, petitioner argues that the circuit court erred by finding that her retaliatory discharge and intentional infliction of emotional distress claims should be dismissed for failure to exhaust administrative remedies. While she acknowledges that this Court has authored several recent memorandum decisions holding that a claimant must appeal an adverse level three grievance to the Circuit Court of Kanawha County in order to exhaust all administrative remedies in order to pursue a civil action outside of the grievance proceedings, she asks that this Court revisit and reverse those findings. Petitioner fails to cite a majority opinion or memorandum decision from this Court that supports her argument. Further, she does not cite to decisions from any other jurisdiction to support this argument.

West Virginia Code § 6C-2-1(b) makes clear the Legislature's intention to resolve grievances through the statutorily provided procedure so that redress may be had in a "fair, efficient, cost-effective and consistent manner." In addition, this Court has set forth that "[t]he general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the court will act." Syl. Pt. 2, in part, *State ex rel. Smith v. Thornsbury*, 214 W. Va. 228, 558 S.E.2d 217 (2003) (citations omitted). Here, it is undisputed that petitioner abandoned her grievance proceedings, rather than appealing to the circuit court. Therefore, we find that the circuit court did not err in finding that petitioner was required to exhaust her administrative remedies in this employment matter but failed to do so.

Affirmed.

**ISSUED:** June 7, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING AND WRITING SEPARATELY:**

Justice John A. Hutchison

Hutchison, J., dissenting:

I dissent to the majority's resolution of this case. I would set the matter for oral argument to more thoroughly address the petitioner's assignment of error regarding the failure to exhaust her administrative remedies. Indeed, in the context of Human Rights Act claims, our Court has concluded that the exhaustion of administrative remedies before the Grievance Board is *not* a precondition to the filing of an action in circuit court. *See, Weimer v. Sanders*, 232 W.Va. 367, 752 S.E.2d 398 (2013); *Vest v. Bd. of Ed.*, 193 W.Va. 222, 455 S.E.2d 781 (1995). The petitioner's claims concern the torts of retaliatory discharge and intentional infliction of emotional distress, not Human Rights Act violations. Nonetheless, some of the concerns raised in *Weimer* and *Vest* may equally apply to these tort claims, such as the availability of fewer remedies from the Grievance Board. Because this issue warrants further review, I respectfully dissent.